## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **MATTHEW GREEN, individually and on behalf of others similarly situated,** } } } } | |
| Plaintiff, } } | Case No.: 5:17-cv-00784-MHH |
| v. } } | |
| **FLOWERS FOODS, INC., et al.,** } } | |
| Defendants. | |

_____

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **GERALD HALL, et al., individually and on behalf of others similarly situated,** } } } } | |
| Plaintiffs, } } | Case No.: 1:17-cv-00932-VEH |
| v. } } | |
| **FLOWERS FOODS, INC., et al.,** } } | |
| Defendants. | |

## **ORDER**

1

On May 11, 2017, plaintiff Matthew Green filed a putative class action against defendants Flowers Foods, Inc. and Flowers Baking Company of Birmingham, LLC. (Doc. 1, Case No. 1:17–cv–00784). Mr. Green asserts claims under the Fair Labor Standards Act on behalf of a class of persons "who operate(d) as distributors for the Flowers Defendants, and are or were misclassified as independent contractors." (Doc. 1, p. 2, Case No. 1:17–cv–00784). Mr. Green alleges that, due to this misclassification, Flowers Foods did not pay its distributors overtime wages when the distributors worked more than forty hours a week. (Doc. 1, pp. 14–15, Case No. 1:17–cv–00784).

On June 5, 2017, Gerald Hall, James D. House, and John K. Ray filed a separate putative class action against Flowers Foods, Inc., Flowers Baking Company of Birmingham, LLC, and Flowers Baking Company of Gadsden. (Doc. 1, Case No. 1:17–cv–00932). Against these entities, the plaintiffs assert FLSA claims "on behalf of a class of individuals who operate(d) as fresh bakery product distributors for Defendants, Flowers Foods, Inc., and/or Flowers Baking Company of Gadsden, LLC, . . . and who Defendants classify or classified as independent contractors." (Doc. 1, p. 1, Case No. 1:17–cv–00932). Like Mr. Green, the plaintiffs in *Hall* contend that Flowers Foods did not pay its distributors overtime wages as a result of this misclassification. The plaintiffs in *Hall* also assert an additional claim under an unspecified Alabama law based on the same factual

allegations that support his FLSA claim.  (Doc. 1, pp. 14-16, Case No. 1:17–cv–00932).  Mr. Hall's case is pending in this Court before Judge Virginia Hopkins.

On October 27, 2017, Flowers Foods filed a motion in Case No. 1:17–cv–00784, asking the Court to consolidate Mr. Green's case with Mr. Hall's later-filed case "for all pretrial purposes;" Flowers Foods asks the Court to defer ruling on whether the cases should be consolidated for trial.  (Doc. 45, pp. 1, 15, Case No. 1:17–cv–00784).  Flowers Foods filed a corresponding motion to consolidate in Mr. Hall's case on October 30, 2017.  (Doc. 1, p. 42 Case No. 1:17–cv–00932).  In support of its motion, Flowers Foods cites to the fact that it is the primary defendant in both cases and that the additional defendants are related entities.  (Doc. 46, pp. 3–4).  Flowers Foods also argues that the cases share common questions of law and fact in light of the plaintiffs' identical FLSA theories.  (Doc. 46, pp. 3–4).

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a)(1)-(3).  Although the decision to consolidate is within the Court's discretion, the Eleventh Circuit has instructed district courts "to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion."

*Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (internal quotations omitted).  Consolidation helps the Court to streamline cases "where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for [the] claims."  *Eghnayem*, 873 F.3d at 1314 (internal quotations omitted).

Here, the Court will grant Flowers Foods's motion to consolidate because the related cases present common legal questions based on similar factual questions.  As Flowers Foods notes, the legal theories underlying the FLSA claims in both cases are virtually identical as both concern Flowers Foods alleged misclassification of its distributors as independent contractors.  The defendants in both cases are Flowers Foods and its related subsidiary entities.  In light of the common issue of whether Flowers Foods misclassified its distributors, the Court expects that plaintiffs in both cases will be seeking discovery of the same information from Flowers Foods.  Given the legal and factual questions common to both cases, the Court finds that Rule 42(a)'s standard is met and that consolidation is appropriate.

Therefore, the Court consolidates these matters for purposes of discovery and pretrial proceedings. *Matthew Green v. Flowers Foods, Inc.*, Case No. 5:17–cv–00784–MHH, shall be the lead case.  The Court directs the parties to please file

all future documents under case number 5:17–cv–00784–MHH and to use the style that appears in this order.

**DONE** and **ORDERED** this January 2, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE